United States Bankruptcy Court

Middle District of Florida

In re:

Sharelle Lanae Jones
         Debtor

Case No. 21-05791-CPM

Chapter 7

# CERTIFICATE OF NOTICE

| District/off: 113A-8 | User: admin | Page 1 of 2 |
|---|---|---|
| Date Rcvd: Feb 08, 2022 | Form ID: B318 | Total Noticed: 3 |

The following symbols are used throughout this certificate:

**Symbol          Definition**

+          Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Feb 10, 2022:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Sharelle Lanae Jones, 11128 Hidden Breeze Drive, Wimauma, FL 33598-2221 |
| cr | + | Santander Consumer USA Inc., c/o Stewart, Zlimen & Jungers, Ltd., 2860 Patton Road, Roseville, MN 55113-1100 |

TOTAL: 2

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| tr | + | EDI: BSLMEININGER.COM | Feb 09 2022 02:28:00 | Stephen L Meininger, 707 North Franklin Street, Suite 850, Tampa, FL 33602-4400 |
| cr | + | Email/Text: bk@szjlaw.com | Feb 08 2022 21:30:00 | Santander Consumer USA Inc., c/o Stewart, Zlimen & Jungers, Ltd., 2860 Patton Road, Roseville, MN 55113-1100 |

TOTAL: 2

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, \*duplicate of an address listed above, \*P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Feb 10, 2022          Signature:          /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on February 8, 2022 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Alan D Borden | |
| | on behalf of Debtor Sharelle Lanae Jones data@1800debtrelief.com r48456@notify.bestcase.com;1663805420@filings.docketbird.com |
| Bradley Halberstadt | |

District/off: 113A-8                  User: admin                          Page 2 of 2
Date Rcvd: Feb 08, 2022              Form ID: B318                        Total Noticed: 3

on behalf of Creditor Santander Consumer USA Inc. bk@szjlaw.com

Stephen L Meininger

SLMeininger@earthlink.net  smeininger@ecf.epiqsystems.com;FL38@ecfcbis.com

United States Trustee - TPA7/13

USTPRegion21.TP.ECF@USDOJ.GOV

TOTAL: 4

**Information to identify the case:**

Debtor 1   Sharelle Lanae Jones
First Name   Middle Name   Last Name

Social Security number or ITIN   xxx–xx–7328
EIN  _ _–_ _ _ _ _ _ _

Debtor 2
(Spouse, if filing)   First Name   Middle Name   Last Name

Social Security number or ITIN  _ _ _ _
EIN  _ _–_ _ _ _ _ _ _

United States Bankruptcy Court   Middle District of Florida

Case number:   8:21–bk–05791–CPM

## Order of Discharge

12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 727 is granted to:

Sharelle Lanae Jones

_Catherine M^c Ewen_

Dated: February 8, 2022

Catherine Peek McEwen
United States Bankruptcy Judge

### Explanation of Bankruptcy Discharge in a Chapter 7 Case

This order does not close or dismiss the case, and it does not determine how much money, if any, the trustee will pay creditors.

**Creditors cannot collect discharged debts**

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily or from paying reaffirmed debts according to the reaffirmation agreement. 11 U.S.C. § 524(c), (f).

**Most debts are discharged**

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts owed before the debtors' bankruptcy case was filed.

Also, if this case began under a different chapter of the Bankruptcy Code and was later converted to chapter 7, debts owed before the conversion are discharged.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**For more information, see page 2 >**

**Some debts are not discharged**
Examples of debts that are not discharged are:

♦ debts that are domestic support obligations;

♦ debts for most student loans;

♦ debts for most taxes;

♦ debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

♦ debts for most fines, penalties, forfeitures, or criminal restitution obligations;

♦ some debts which the debtors did not properly list;

♦ debts for certain types of loans owed to pension, profit sharing, stock bonus, or retirement plans; and

♦ debts for death or personal injury caused by operating a vehicle while intoxicated.

Also, debts covered by a valid reaffirmation agreement are not discharged.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

---

**This information is only a general summary of the bankruptcy discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**

---